FILED
2020 Jun-26  PM 02:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **DANIEL MARTINEZ,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **AETNA LIFE INSURANCE COMPANY,** | ) | _____ |
| | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

Plaintiff Daniel Martinez ("Plaintiff") brings this action for violations of the Employee Retirement Income Security Act of 1974 committed by Aetna Life Insurance Company ("Aetna") in connection with the provision of ERISA-governed disability benefits under a group insurance plan sponsored by Plaintiff's former employer, KB Homes, Inc.. In support of the relief requested herein, Plaintiff alleges the following upon personal knowledge as to himself and as to all other matters upon information and belief based upon, *inter alia*, the investigation made by and through his attorneys:

## **INTRODUCTORY STATEMENT**

1.      This is an action for legal and equitable relief seeking redress of violations of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA").   This suit is brought pursuant to 29 U.S.C. § 1132(a) to secure disability benefits due to Plaintiff through a group long-term disability insurance policy sponsored by KB Homes.

2.      The Plaintiff seeks all benefits to which he may be entitled should this Court determine he is "disabled," including long-term disability benefits under policies issued or administered and underwritten by Aetna.

3.      Plaintiff seeks such benefits together with any other disability-related benefits his plan may provide based on the conditions documented in his medical records.   These conditions include coronary artery disease, migraine headaches, gastroesophageal reflux disease, major depressive disorder, generalized anxiety and fatigue, among other problems.

4.      Plaintiff is no longer able to continue working in a fulltime capacity because of these conditions.   His attending physicians confirm that Plaintiff's physical activity is significantly limited because of muscle weakness and that his conditions render him unable to maintain pace, focus or concentration over an 8 hour per day, 40 hour per week work schedule.

## JURISDICTION

5.    Jurisdiction is appropriate under 28 U.S.C. § 1331 in that 29 U.S.C. §1132(e) confers jurisdiction upon the district courts of the United States where, as here, Plaintiff's claims relate to an "employee welfare benefit plan" as that term is defined within 29 U.S.C. § 1001, et. seq.  The Plan "may be found" within this district.

6.    Venue is appropriate in this District Court pursuant to 29 U.S.C. § 1132(e)(2), in that the Defendant, which has a nationwide presence, may be found in this District.

## PARTIES

7.    Plaintiff Daniel Martinez is a participant in the Plan and thus entitled to benefits available thereunder.

8.    Defendant Aetna Life Insurance Company is a foreign corporation that does business by agent or otherwise in all counties in Alabama.

9.    Aetna is a "fiduciary" of The Plan as that term is defined by 29 U.S.C. § 1002(21).

10.    One of Aetna's designated agents for service of process is:

C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

3

11.     Aetna is an entity exercising authority or control respecting the management or disposition of Plan assets or the personnel exercising said authority over Plan assets.

12.     Aetna is an entity providing services to The Plans at issue.

13.     Aetna is an entity meeting ERISA's definition of a "party in interest" in this case as that term is defined by 29 U.S.C. § 1002(14).

## THE PLAN

14.     The KB Homes long-term disability plan is funded entirely by a long-term group insurance policy sold by Aetna, the company which also underwrote this group policy.

15.     This group policy was obtained by Plaintiff's employer to confer certain benefits upon Plaintiff and other employees.

16.     As a result, this policy qualifies as an employee welfare benefit plan as defined in 29 U.S.C. § 1002(1), and Plaintiff qualifies as a participant and/or beneficiary under the Plans as that term is used in 29 U.S.C. § 1132.

17.     Under the terms of this LTD plan providing for certain benefits accruing upon the Plaintiff becoming disabled, Plaintiff is "disabled" as this Plan defines that term.

18.     There are no plan documents made available indicating that Aetna has an enforceable grant of discretionary authority as Plan or Claims Administrator or that any express delegation has occurred for this Plan.

## AETNA'S LIABILITY

19.     Before becoming disabled from working on or about June 6, 2016, Plaintiff worked as a new-home sales representative for KB Homes, a nationwide home builder and seller.  The material responsibilities of this occupation included, among other things, the planning, coordination and execution of promotional activities, facilitating sales of new lots and houses, assisting customers through the home building and purchase process, and responding to customer concerns or complaints as they arose.

20.     Performing these responsibilities required heightened organizational skills, planning skills, problem solving skills, strict attention to deadlines, and interpersonal and conflict resolution skills.

21.     Plaintiff left work after June 6, 2016 after succumbing to profound fatigue.  His attending physician at that time recommended that he discontinue working due to the severity of this symptom with his other diagnoses.

22.     Plaintiff eventually was also diagnosed that summer with major depressive disorder and generalized anxiety disorder to go along with his physical issues for which he had been continuing to seek treatment from a cardiologist and

others.

23.     As this was occurring, Plaintiff applied for short-term disability ("STD") with Aetna under KB Homes's short-term disability plan.

24.     Aetna initially approved Plaintiff's claim for STD, but only for limited period.  Thus, Plaintiff had to continue pursuing additional review of his STD with Aetna to obtain the full benefit through the end of the STD term, which he was indeed awarded and found to be disabled under the terms of the STD policy after having to appeal to obtain the full benefit.

25.     Plaintiff then sought to transition his claim to LTD at the end of his STD period on or around December 4, 2016.

26.     In a letter dated October 19, 2017, Aetna approved the LTD claim only for a limited period of 10 days, or December 3, 2016 through December 13, 2016.

27.     In that decision, Aetna disregarded with the professional medical opinions of Plaintiff's attending physicians, opting instead to credit its own reviewer who never performed face to face assessment of the Plaintiff.

28.     In a letter dated April 17, 2018, Plaintiff lodged his final appeal from Aetna's decision on his LTD raising these and other grounds.

29.     Aetna ultimately denied the appeal in a letter dated June 27, 2018 and, although partially reversed the earlier determination by extending the benefit for a

few additional weeks, ultimately confirmed the permanent termination and closure of Plaintiff's LTD claim as of January 20, 2017, finding him not to be disabled from working in his own occupation as of that date.

30.     Aetna's administration of this claim involves several regulatory and plan breaches and errors, including:

(a)     The failure to maintain adequate claims procedures, or any procedures *at all*, in compliance with Department of Labor regulations;

(b)     The targeting of Plaintiff's claims for denial because ERISA governs;

(c)     The failure by Aetna to take any meaningful measures to insulate its claims process from its inherent conflict under the Supreme Court case *Glenn v. MetLife* and instead allowing its profit motive to influence its claims administration for Plaintiff;

(d)     The withholding of relevant documents and information from Plaintiff throughout the claims process and depriving Plaintiff of the ability to obtain a full and fair review of his claim;

(e)     Taking an adversarial posture against Plaintiff instead of a fiduciary posture by searching for ways to avoid paying part or all his claim;

(f)     Failing to conduct an adequate investigation, and not considering and/or according proper weight to relevant, supportive information;

(g)     Failing to accord appropriate weight to Plaintiff's medical providers and other examiners who personally examined the Plaintiff, some on a regular basis;

(h)     Failing to give Plaintiff's claim a full co-morbid review and give any consideration to how his conditions impacted one another; and

(i)     Inconsistent decision making.

31.     Despite Plaintiff's established disability and entitlement to coverage under the terms of the LTD Plan, Aetna continues to consider Plaintiff not to be "disabled" and unqualified for LTD benefits.

32.     Aetna's claim decision was the product of a conflict of interest whereby it allowed its own financial interests to supersede its fiduciary obligations to Mr. Martinez.  Under *Glenn*, this presents an additional reason for application of a *de novo* standard to their claims decision.

33.     This conflict of interest further calls into question the credibility of Aetna's claims personnel and reviewers who behaved dishonestly and who openly defied Plan terms and department of labor regulations.

8

34.    Aetna considered the applicability of ERISA before making its decision.  This presents an additional reason for application of a *de novo* standard to their claim decision.

35.    Aetna did not provide Plaintiff with a meaningful opportunity for a full and fair review of this claim for benefits as required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1, and instead actively tried to subvert Plaintiff's ability to protect his right to such a review.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Daniel Martinez respectfully requests this court find jurisdiction and venue appropriate, and after trial, grant the following relief:

a.    For an order awarding Plaintiff all benefits due and owing in accordance with the terms of the Plan and Policy, as well as all prejudgment interest due thereon as permitted by law and equitable principles, pursuant to 29 U.S.C. § 1132(a);

b.    For a judgment against the Defendant awarding Plaintiff all costs and reasonable attorney's fees incurred connected to the prosecution of and pursuit of relief in this action as permitted under 29 U.S.C. § 1132(g)(1);

c.    For an order requiring Defendant to provide Plaintiff with any additional benefits to which the Plaintiff would be entitled pursuant to a finding that the Plaintiff is disabled under The Plan(s); and

9

d.    Such other relief as may be deemed just and proper.

Respectfully submitted,

David P. Martin (ASB-3500-M68D)
M. Clayborn Williams (ASB-9101-A43M)
**The Martin Law Group, LLC**
**Attorneys for Plaintiff**
P.O. Box 20087
Tuscaloosa, AL 35402-0087
Phone (205) 343-1771
Facsimile (205) 343-1781
david@erisacase.com
clay@erisacase.com

**Plaintiff's Address:**

Daniel Martinez
c/o The Martin Law Group, LLC
P.O. Box 20087
Tuscaloosa, AL 35402

**Defendant's Address:**

Aetna Life Insurance Company
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104